UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARY McCALLA, et al.,

                Plaintiffs,

-against-                                      15-cv-8002 (LAK)

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

       This is an employment discrimination action brought by ten employees of the New York City Department of Buildings (the "DOB") against the City and five other DOB officials. Plaintiffs assert a variety of claims, the predominant number of which consists of allegedly racially discriminatory failures to promote. Defendants have moved for summary judgment dismissing the complaint.

       Magistrate Judge Andrew J. Peck has issued a meticulous, detailed, 155-page report and recommendation [DI 80] (the "R&R") recommending that the motion be granted in its entirety as to four of the plaintiffs, but granted in part as to the other six. Defendants object, arguing that the motion should be granted in its entirety as to all plaintiffs. Plaintiffs object to the recommendations that certain of the claims of three plaintiffs be dismissed but not to the balance of the recommendations.[1]

*Plaintiffs' Objections*

       Plaintiffs' objections [DI 82] amount to little more than a rehashing of points adequately dealt with in the R&R coupled with conclusory assertions that Judge Peck failed adequately to take into account circumstantial evidence of discriminatory animus. Not only are these contentions unpersuasive, but one appears to be misleading in a glaring respect.

---

[1] Plaintiffs object to the recommended dismissal of failure to promote claims by plaintiffs Henry, Cantave and Patel.

In arguing that Judge Peck's recommendation was erroneous, plaintiffs assert that he ignored "other evidence of discriminatory treatment in that [Mr. Henry] was the only supervisor who was not allowed to come into the Office early to report to work while white supervisors were allowed to do so." [DI 82, at 2-3.] They cite for that proposition pages 160:11 to 161:8 of Mr. Henry's deposition, which appear at DI 70-4. And the point of this argument obviously was intended to be that Mr. Henry was treated differently in this respect on the basis of race. In fact, however, the deposition establishes exactly the opposite position. Three of the four individuals Mr. Henry mentioned in the relevant part of the deposition as having been allowed to report early were, according to Mr. Henry, persons of color and he did not there state the race of the fourth.[2] DI 70-4, at 159:14-164:19. Thus, while the testimony cited supports the view that defendant Dits "discriminated" among DOB individuals as to early reporting, it negates the implication that he did so on the basis of race. Having made this point, it should be added that this Court's ruling is unaffected by it, as the result would be the same in any case.

*Defendants' Objections*

Defendants are not immune from the impulse to rehash the points made before Judge Peck. They are no more successful than plaintiffs in doing so. They argue also that (1) Judge Peck erred in concluding that the statute of limitations was tolled (for the benefit of plaintiffs Minault and Morilla) by the pendency of the class allegations in the original complaint in this case, (2) plaintiffs failed to establish that defendants applied the New York Civil Service Law in a discriminatory manner, and (3) plaintiffs did not establish that defendant Connors did not promote them because of their race. Only two points warrant mention.

First, this Court agrees with Judge Peck's view of *American Pipe* tolling in the context of this case. And the suggestion that his view conflicts with its decision in *In re Indymac Mortgage-Backed Sec. Litig.,* 718 F. Supp.2d 495, 504 (S.D.N.Y. 2010), is ill-timed and in any case misguided. As an initial matter, defendants did not cite *Indymac* to Judge Peck, and I am disinclined to consider now an argument not made before him. In any case, while it generally is true, as I wrote in that case, that "the law treats a voluntarily dismissed complaint as if it never had been filed," the rationale and holding in *Monroe Cty. Emps. Ret. Sys. v. YPF Sociedad Anonima,* 980 F. Supp.2d 487, 488, 491 (S.D.N.Y. 2013), are persuasive in the different circumstances of this case.

Second, defendants misunderstand the R&R insofar as it relates to the Civil Service Law. Judge Peck concluded that it appeared undisputed that the civil service rules had been violated, albeit to an uncertain extent. He went on to say that there was no evidence that defendants did so "in a manner indicative of discriminatory animus." R&R at 52. A page later he said that this

---

[2] The Court has confined its review to evidence to which counsel have drawn its attention. As has been said repeatedly, "[J]udges 'are not like pigs[; they will not] hunt[ ] for truffles buried in briefs' or the record." *Potter v. Dist. of Columbia,* 558 F.3d 542, 553 (D.C. Cir. 2009) (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991)). *Accord, Albrechtsen v. Bd. of Regents of the Univ. of Wis. Sys.,* 309 F.3d 433, 436 (7th Cir.2002)

fact "weaken[s] *any* inference of discriminatory motive." *Id.* at 53 (emphasis added). And then he added that the "failure to follow the civil service rules contributes to an inference that defendants' proffered reasons for some of the challenged employment decisions were pretextual." *Id.* at 54. This was not to say, however, that Judge Peck concluded that the civil service violations, assuming there were any, gave rise to an inference that plaintiffs were denied promotions or otherwise subjected to adverse employment actions by reason of their race.

The net of his discussion was straightforward: Assuming *arguendo* that there were departures from the civil service rules, a trier of fact perhaps would be justified, given other evidence of record, to conclude that the proffered reasons for some of their hiring decisions were pretextual. But even if they were pretextual, the question of the reason for the pretext would remain.

In the last analysis, then, there is nothing to defendants' contention that Judge Peck erred in concluding that there had been civil service violations when, in defendants' present view, there were not. He ultimately gave no force to the presence or absence of civil service violations in recommending that the Court decline to dismiss those parts of plaintiffs' case as to which he made that recommendation. Nor has the Court done so.

*Conclusion*

All of the objections to the R&R are overruled. Defendants' motion for summary judgment dismissing the complaint [DI 56] is (1) granted in its entirety as to plaintiffs Henry, Ukpong, White and Cantave, and (2) granted in part and denied in part as set forth at R&R at 151-54.

SO ORDERED.

Dated: September 22, 2017

_____
Lewis A. Kaplan
United States District Judge