UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
GARY McCALLA, et al.,

                Plaintiffs,

      -against-                             15-cv-8002 (LAK)

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The Court conducted a Rule 16 conference with counsel on February 12, 2020. The following was determined:

        1.     The parties agree, in view of prior rulings, that the only plaintiffs with any remaining claims to be tried are Gary McCalla, Rinville Dorsainville, Dean Mulzac, Satish Patel, Reginald Minault, and Niurka Morilla. To the extent, if any, that any claims by other plaintiffs have not been resolved previously, they are dismissed.

        2.     The parties agree, in view of prior rulings, that there are no remaining claims by any plaintiff against defendants Elizabeth Skowronek, Bernadate Nespole, and Gina Bitro. To the extent, if any, that any claims against these defendants by any plaintiff(s) have not been resolved previously, they are dismissed. The parties agree further that the only remaining claim against Dimitri Dits and the only remaining claim against Timothy Hogan are those of plaintiff Reginald Minault. Any other claims against defendants Dits and Hogan are dismissed.

        3.     Plaintiffs will not call any of the following witnesses that previously were indicated on plaintiffs' witness list in the Joint Pretrial Order: Asuquo Ukpong, Richard Whint, Andi Holder, and Frank Colluchi.

        4.     The Court does not intend to permit witness testimony to establish the content or meaning of statutes, regulations, case law or legal principles that govern employment, selection, promotion, advancement and other matters by the City of New York in general or its Department of Buildings. Those all are matters of law on which the Court will instruct to the extent they are

material to the case.

5. On or before February 21, 2020, the parties shall submit:

(A) An agreed statement of the material law that governed the matters referred to in paragraph 4 at the time or times relevant to the parties' claims. If the parties cannot reach complete agreement, they instead shall submit, on or before February 21, 2020, a statement of the material law to the extent, if any, that they can agree upon and also separate statements that each side contends would be appropriate. All submissions shall be accompanied by supporting citations to statutes, regulations and case law.

(B) A stipulation of agreed upon facts.

6. The Court intends to instruct the jury on the law with respect to the matters described in paragraph 4 early in the trial.

7. The plaintiffs' time to respond to defendants' pending motion *in limine* is extended to and including February 27, 2020.

8. The parties shall file briefs on the evidentiary issues raised by the Court at the February 12 conference on or before March 2, 2020.

9. The parties agreed, and the Court directs, that the trial time of each of the plaintiffs (collectively) and of defendants (collectively) shall not exceed 28 hours, exclusive of jury selection and the Court's charge. By way of example only, the time of opening and closing arguments is included in the 28 hours allotted to each side. Time consumed in side bars and other arguments outside the presence of the jury will be charged against the unsuccessful side or as the Court otherwise directs. Time consumed by examination of witnesses will be charged against the examining party (e.g., direct examination against the party that called the witness, cross against the cross examining party).

10. Each side shall respond to the Court's proposed settlement, which was made at the request of both sides, no later than 5 p.m. on February 14, 2020.

SO ORDERED.

Dated: February 14, 2020

_____
Lewis A. Kaplan
United States District Judge